UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
TONY JAMES HOUSTON ) CASE NO. 09-10769(1)(7)
DANA LYNN HOUSTON )
)
Debtor(s) )

### MEMORANDUM-OPINION

This matter is before the Court on the Motion to Avoid Non-Compete Clause of Debtors, Tony James Houston and Dana Lynn Houston ("Debtors"). The Court considered the Debtors' Motion, the Response to Motion to Avoid Non-Compete of Interested Party, Eagle Glass & Mirror, LLC ("Eagle"), the Debtors' Supplement to Motion to Avoid Non-Compete Clause and the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court **DENIES** the Motion.

### FACTS

On October 21, 2008, Debtor Tony Houston entered into an Assignment and Withdrawal Agreement ("Agreement") with Eagle. Pursuant to the Agreement, Debtor assigned his interest in Eagle to Joseph Huddleston, Sr. The Agreement also contained a Covenant Not to Compete with Eagle for five years within a fifty mile radius of Eagle.

On December 23, 2008, Eagle filed suit against Debtor in Taylor Circuit Court claiming Debtor breached the Agreement by retaining certain equipment assigned in the Agreement and violating the Covenant Not to Compete. Debtor filed a counterclaim against Eagle contending Eagle failed to pay sums due him under the Contract.

On January 13, 2009, Eagle filed a Motion for Temporary Injunction in the Taylor Circuit Court against Debtor for violation of the Covenant Not to Compete. The Taylor Circuit Court granted the Motion and entered a Temporary Injunction enjoining Debtor from competing with Eagle on February 3, 2009.

On April 28, 2009, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On August 3, 2009, Debtors filed a Motion to Avoid Non-Compete Clause against Eagle.

## **LEGAL ANALYSIS**

The issue before the Court is whether Debtors may reject a Covenant Not to Compete under 11 U.S.C. §365. The Court was not provided with a copy of the entire Agreement between the parties but determines from the record that Eagle purchased the assets of Debtor's business. In return, Debtor agreed not to compete with Eagle within a 50 mile radius of its business for five years. Eagle filed suit against Debtor in Taylor Circuit Court contending Debtor breached the Agreement by retaining certain equipment and by breaching the Covenant Not to Compete. Eagle obtained a Temporary Injunction prohibiting Debtor from competing with Eagle's business. Debtor counterclaimed in Taylor Circuit Court contending Eagle breached the Agreement by failing to pay him all sums due under the Agreement..

Under 11 U.S.C. §365(d)(1)

. . . (1)
. . . if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order of relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

The question in this case is whether the Covenant Not to Compete constitutes an executory contract that may be rejected.

A contract is executory if performance is due to some extent on both sides. N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523 n. 6 (1984). More specifically, some courts use the test to determine whether a contract is executory as set forth by Vern Countryman in his article, "Executory Contracts in Bankruptcy," 57 Min. L. Rev. 439 (1973). Under this test, an executory contract includes a contract under which the obligations of both parties are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the other party's performance. The Sixth Circuit adopted this definition in In re Terrell, 892 F.2d 469, 471 (6th Cir. 1999). Whether a party's nonperformance of the remaining obligations under a contract would constitute a material breach is a factual question resolved through application of state law. In re Telegent, Inc., 268 B.R. 723, 730 (Bankr. S.D. N.Y. 2001).

Kentucky Courts have acknowledged that non-compete clauses play a critical role in business and are enforceable as long as they are reasonable in geographic scope and duration. Managed Healthcare Assoc. v. Kethan, 209 F.3d 923, 928 (6th Cir. 2000). The policy in Kentucky is to enforce such clauses to prevent unfair competition, so long as the restraint is no greater than reasonably necessary. Lantech.com v. Yarbrough, 247 Fed. Appx. 769, 778 (6th Cir. 2007).

It appears in the case at bar that each party claims a material breach of the contract with Eagle claiming Debtor violated the Covenant Not to Compete and Debtor claiming Eagle failed to pay all that was owed under the contract. At the hearing, however, the parties agreed that the only remaining performance under the Agreement was payment by Eagle. An Agreement is not executory if performance is due only by one side. In re Terrell, 892 F.2d at 471.

The general rule is that executory contracts must be accepted or rejected as a whole.  <u>In re Register</u>, 95 B.R. 73.  Debtors would have this Court allow them to reject only a portion of the assignment agreement entered into with Eagle.  Furthermore, this would effectively determine a large portion of the breach of contract action pending in the Taylor Circuit Court.  That court has already issued a Temporary Injunction enforcing the Covenant Not to Compete.  This Court does not find the Debtors' request constitutes an executory contract under 11 U.S.C. §365.  Accordingly, the Court will **DENY** the Debtors' Motion to Reject the Covenant Not to Compete.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## CONCLUSION

For all of the above reasons, the Court **DENIES** the Motion to Avoid Non-Compete Clause of Debtors Tony James Houston and Dana Lynn Houston.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 9, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
TONY JAMES HOUSTON ) CASE NO. 09-10769(1)(7)
DANA LYNN HOUSTON )
)
Debtor(s) )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Avoid Non-Compete Clause of Debtors Tony James Houston and Dana Lynn Houston, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 9, 2009